CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 26 2018
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil No. 4:18CV00005<br>) |
| ROBERT F. HARDY IV<br>305 Grays Park Road<br>Danville, Virginia 24541; | )<br>)<br>)<br>) |
| FRANCES E. HARDY<br>305 Grays Park Road<br>Danville, Virginia 24541; | )<br>)<br>)<br>) |
| ROBERT F. HARDY V<br>317 Grays Park Road<br>Danville, Virginia 24541; and | )<br>)<br>)<br>) |
| DIANE R. HARDY<br>1206 Collins Road<br>Axton, Virginia 24054, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR FEDERAL TAXES

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of Treasury, and at the direction of the Attorney General, brings this civil action to collect the unpaid federal income tax liabilities owed by Robert F. Hardy IV and Frances E. Hardy, and to enforce the related federal tax liens that encumber the real property located at 161 Grays Park Road in Danville, Virginia.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action based on 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. §§ 7402(a) and 7403.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because Robert F. Hardy IV and Frances E. Hardy reside within the district, and the federal tax liabilities at issue in this action accrued in this district.

## PARTIES

3. The plaintiff is the United States of America.

4. Robert F. Hardy IV is a resident of Pittsylvania County, which is located within the jurisdiction of this Court.

5. Francis E. Hardy is a resident of Pittsylvania County, which is located within the jurisdiction of this Court.

6. Robert F. Hardy V is named as a party under 26 U.S.C. § 7403(b) because he may claim an interest in the real property that is the subject of this action.

7. Diane R. Hardy is named as a party under 26 U.S.C. § 7403(b) because she may claim an interest in the real property that is the subject of this action.

8. The real property is located at 161 Grays Park Road in Danville, Virginia, which is located within the jurisdiction of this Court.

**COUNT I – REDUCE FEDERAL INCOME TAX ASSESSMENTS TO JUDGMENT**

9. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 8 above.

10. In accordance with the federal income tax returns filed with the Internal Revenue Service, a delegate of the Secretary of Treasury of the United States properly and timely made

2
Case 4:18-cv-00005-JLK   Document 1   Filed 01/26/18   Page 2 of 7   Pageid#: 2

various assessments for unpaid federal income taxes against Robert F. Hardy IV and Frances E. Hardy on the dates and for the tax years set forth below:

| Type of Tax | Tax Period Ending | Date of Assessment | Amount of Assessment | Balance Due as of: December 15, 2017 |
|---|---|---|---|---|
| Income (Form 1040) | 12/31/2008 | 1/19/2015 | $7,352.00 | $6,346.58 |
| Income (Form 1040) | 12/31/2009 | 2/16/2015 | $6,927.00 | $6,907.70 |
| Income (Form 1040) | 12/31/2010 | 2/16/2015 | $7,426.00 | $6,105.65 |
| Income (Form 1040) | 12/31/2011 | 11/03/2014 | $7,634.00 | $1,565.83 |
| Income (Form 1040) | 12/31/2012 | 11/03/2014 | $8,131.00 | $7,859.44 |
| Income (Form 1040) | 12/31/2013 | 11/03/2014 | $8,606.00 | $8,110.19 |
| Income (Form 1040) | 12/31/2014 | 10/12/2015 | $8,738.00 | $10,490.76 |
| | | | **Total:** | **$47,386.15** |

11. Notice and demand for payment of the tax assessments described above were given to Robert F. Hardy IV and Frances E. Hardy.

12. Statutory additions for interest and penalties have been assessed and accrued and will continue to accrue on the unpaid balance of the tax assessments described in Paragraph 10 above until paid in full.

13. Despite notice and demand for payment, Robert F. Hardy IV and Frances E. Hardy have failed or refused to fully pay the tax assessments described in Paragraph 10.

14. By reason of the foregoing, Robert F. Hardy IV and Frances E. Hardy are indebted to the United States for federal income tax and statutory additions to tax in the amount of $47,386.15, as of December 15, 2017, plus statutory additions that will accrue after that date according to law.

## COUNT II – REDUCE CIVIL PENALTY ASSESSMENTS TO JUDGMENT

15. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 14 above.

16. At all times relevant to this Complaint, Robert F. Hardy IV was the corporate secretary of Hargo Inc. ("Hargo").

17. In his capacity as corporate secretary, Robert F. Hardy IV was responsible for payroll, accounts payable, and accounts receivable. He was also responsible for determining the financial policies of the business; directing payments of creditors; preparing, reviewing, and signing payroll tax returns; and authorizing or making federal tax deposits.

18. Robert F. Hardy IV was responsible for collecting, truthfully accounting for, and paying over to the United States the employment taxes that were withheld from the wages of Hargo's employees during the tax periods at issue.

19. At Robert F. Hardy IV's direction, Hargo failed to withhold, collect, or pay over to the Treasury the federal income, Federal Insurance Contributions Act ("FICA"), and Medicare taxes that Hargo was required to withhold from wages of the employees of Hargo ("trust fund taxes") for the quarters ending on March 31, 2007; June 20, 2007; and September 30, 2007.

20. Robert F. Hardy IV's willful failure to collect, truthfully account for, and pay over the federal employment tax liabilities that were withheld from the wages of the employees of Hargo during the tax periods at issue rendered him liable for a penalty equal to the total amount of the federal employment taxes not collected, accounted for, and paid over to the United States.

21. A delegate of the Secretary of the Treasury properly and timely assessed federal trust fund recovery penalties against Robert F. Hardy IV in accordance with 26 U.S.C. § 6672, for the periods and on the dates and in the amounts set forth below:

| Type of Tax | Tax Period Ending | Date of Assessment | Amount of Assessment | Balance Due as of: December 15, 2017 |
|---|---|---|---|---|
| Civil Penalty § 6672 | 3/31/2007 | 10/19/2015 | $3,501.63 | $3,821.43 |
| Civil Penalty § 6672 | 6/30/2007 | 10/19/2015 | $4,653.62 | $5,050.06 |
| Civil Penalty § 6672 | 9/30/2007 | 10/19/2015 | $3,903.42 | $4,235.95 |
| | | | **Total:** | **$13,107.44** |

22. Notice and demand for payment of the assessments described in Paragraph 21 above were given to Robert F. Hardy IV.

23. Robert F. Hardy IV failed to pay the assessments and accrued statutory additions for interest and, as a result, the amount owed as of December 15, 2017, is $13,107.44.

24. Statutory additions have accrued and will continue to accrue on the unpaid balances of the trust fund recovery penalties described in Paragraph 21 above, until paid in full.

## COUNT III – ENFORCE THE FEDERAL TAX LIENS

25. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 24 above.

26. Robert F. Hardy IV and Frances E. Hardy acquired title to the real property located at 161 Grays Park Road in Danville, Virginia (the "Real Property"), on or about March 6, 1995, as tenants by the entireties. The Real Property is more particularly described in the Deed attached hereto as Exhibit A.

27. By reason of the assessments made against Robert F. Hardy IV and Frances E. Hardy for the unpaid federal income taxes, trust fund recovery penalties, and statutory additions to tax described in Paragraphs 10 and 21 above, federal tax liens arose by operation of law under 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments, and attached to all property and

rights to property owned or thereafter acquired by Robert F. Hardy IV or Frances E. Hardy, including, but not limited to, their interests in the Real Property.

28. Notices of federal tax lien for assessments described in Paragraph 10 were filed with the Pittsylvania County Circuit Court on or about August 25, 2015, for the 2008 through 2013 taxable years and on or about November 5, 2015, for the 2014 taxable year.

29. Notices of federal tax lien for assessments described in Paragraph 21 were filed on or about December 16, 2015, with the Pittsylvania County Circuit Court.

30. The United States is the holder of valid and subsisting tax liens that encumber the interests of Robert F. Hardy IV and Frances E. Hardy in the Real Property.

31. Under 26 U.S.C. § 7403, the United States is entitled to enforce its liens against the real property; to have the entire property sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties; and to have the proceeds distributed, after the payment of the cost of sale and any real estate taxes due and owing, among the parties in accordance with their lawful priorities.

WHEREFORE, the United States of America prays that this Court:

A. Render judgment in favor of the United States and against Robert F. Hardy IV and Frances E. Hardy with respect to the unpaid federal income tax liabilities for the 2008 through 2014 taxable years in the amount of $47,386.15 as of December 15, 2017, together with all interest and penalties that will continue to accrue thereafter according to law;

B. Render judgment in favor of the United States against Robert F. Hardy in the amount of $13,107.44, as of December 15, 2017, for unpaid assessed trust fund recovery penalties as set forth in Paragraph 21 above, together with interest that has accrued and will continue to accrue after that date;

C. Order, adjudge, and decree that the United States has valid and subsisting tax liens against all property and rights to property of Robert F. Hardy IV and Frances E. Hardy, including, but not limiting, their interest in the Real Property;

D. Order, adjudge, and decree that the federal tax liens attaching to the Real Property be foreclosed and the property be sold at a judicial sale according to law, free and clear of any right, title, lien, claim, or interest of any of the defendants herein;

E. Order that the net proceeds, after payment of the costs of sale and local property taxes, be distributed to the United States and the other parties in accordance with the respective priority of their liens and interests; and

F. Grant the United States of America such other relief as it deems just and proper under the circumstances.

Date: January 26, 2018

RICK A. MOUNTCASTLE
United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Catriona M. Coppler*
CATRIONA M. COPPLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-514-5153 (v)
202-514-6866 (f)
Catriona.M.Coppler@usdoj.gov

BK1008PG757  95-1377

THIS DEED, made this 6th day of March, 1995, by and between MOZELLE G. HYLER (one and the same person as Mozelle Gray Hyler) and HYLTON N. HYLER, her husband, Grantors, parties of the first part; and ROBERT F. HARDY, IV and FRANCES H. HARDY, husband and wife, or the survivor, and ROBERT F. HARDY, V and DIANE R. HARDY, husband and wife, or the survivor, Grantees, parties of the second part;

W I T N E S S E T H

THAT for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Grantors do hereby grant and convey, with General Warranty and English Covenants of Title, unto ROBERT F. HARDY, IV and FRANCES H. HARDY, as tenants by the entireties with right of survivorship as at common law, a one-half undivided interest, and ROBERT F. HARDY, V and DIANE R. HARDY, as tenants by the entireties with right of survivorship as at common law, the remaining one-half undivided interest, in and to that certain lot or parcel of land, together with improvements thereon and appurtenances thereunto belonging, situate in Westover Magisterial District, Pittsylvania County, Virginia, and more particularly described as follows:

DANIEL, VAUGHAN, MEDLEY & SMITHERMAN, P.C.
LAW OFFICES
P.O. BOX 130
DANVILLE, VIRGINIA 24543

Case 4:18-cv-00005-JLK   Document 1-1   Filed 01/26/18   Page 1 of 5   Pageid#: 8

CONTAINING 65 ACRES, more or less, and adjoining the lands now or formerly owned by C. D. Gray, John Fitzgerald and John Turpin; and being the same property conveyed to J. D. Gray, unmarried, in his deed dated March 2, 1921, recorded in the Clerk's Office of the Circuit Court of Pittsylvania County, Virginia, (the "Clerk's Office"), in Deed Book 168, at page 2.

This property is situate on the south side of the Danville-Martinsville Road, about 11 miles west of Danville, and being the same property devised to MOZELLE GRAY HYLER by will of J. D. Gray, probated in the Clerk's Office on February 4, 1964, and recorded in Will Book 17, at page 591.

This conveyance is made SUBJECT to the following off-conveyances:

a) Deed Book 211, at page 165 - Deed dated December 22, 1930, conveying approximately 1.77 acres to the Commonwealth of Virginia for highway right of way.

b) Deed Book 215, at page 162 - Deed dated November 11, 1929, conveying a one-acre triangle to Charles M. Wood.

c) Deed Book 227, at page 557 - Deed dated July 8, 1936, conveying a 40 ft. X 50 ft. lot to B. L. Fisher.

d) Deed Book 245, at page 399 - Deed dated May 6, 1940, conveying 1/2 acre to W. H. Gray.

e) Deed Book 336, at page 58 - Deed dated January 17, 1950, conveying 0.42 acre to E. R. Brumfield.

2

f) Deed Book 345, at page 197 - Right of way to Commonwealth of Virginia, dated June 12, 1953, conveying 2.994 acres.

g) Deed Book 384, at page 104 - Right of way to Transcontinental Gas Pipe Line Corporation, dated August 18, 1958, conveying a 75-foot wide easement.

h) Deed Book 433, at page 5 - Deed conveying 1.18 acre, being Lot No. 2, on a Wilmarth map of November 21, 1959, to Marsha Spencer Martin.

i) Deed Book 453, at page 249 - Deed dated November 12, 1964, to Lee Telephone Company, of a lot 50 ft. X 50 Ft., containing .057 acre, abutting on the south margin of U. S. Highway 58, at the northeast corner of the property already owned by Lee Telephone Company.

j) Those easements granted the Chesapeake & Potomac Telephone Company and the City of Danville, Virginia, for the erection and maintenance of their lines.

k) Deed Book 509, at page 546 - Conveyance of .73 acre to L. Kermit Law.

l) Deed Book 510, at page 167 - Conveyance to Lee Telephone Company.

m) Deed Book 524, at page 453 - Conveyance of .64 acre to Kirks.

n) Deed Book 528, at pages 203 and 208 - Conveyance to the Highway Department.

o) Deed Book 538, at page 130 - Conveyance of Lot B, 1.52 acres to James Robert Deane.

3

DANIEL, VAUGHAN, MEDLEY & SMITHERMAN, P.C.
LAW OFFICES
P.O. Box 720
DANVILLE, VIRGINIA 24543

Case 4:18-cv-00005-JLK   Document 1-1   Filed 01/26/18   Page 3 of 5   Pageid#: 10

BK1008PG760

p) Deed Book 555, at page 145 - Conveyance of 99.55 foot frontage to Fain.

q) Deed Book 562, at page 334 - Conveyance of 150 foot frontage to Willard.

r) Deed Book 564, at page 622 - Conveyance of .546 acre to Everett H. Gray.

s) Deed Book 571, at page 124 - Conveyance of 1/2 acre to Grainger.

t) Deed Book 597, at page 777 - Conveyance of .49 acre to Henry L. Davis, et als.

u) Deed Book 630, at page 206 - Conveyance of 1.977 acres to Commonwealth of Virginia. (dated January 6, 1977)

v) Deed Book 698, at page 616 - Conveyance of 3.61 acres to Wall.

w) Deed Book 852, at page 130 - Deed dated May 23, 1989, conveying approximately .618 acres to Everette Hunt Gray and Betty Weddle Graye.

x) Deed Book 857, at page 17 - Deed dated August 14, 1989, conveying .87 acre to Robert F. Hardy, IV and Elizabeth E. Hardy.

y) Deed Book 873, at page 347 - Deed dated May 1, 1990, conveying .50 acre to Robert F. Hardy, V.

z) Deed Book 878, at page 483 - Deed dated July 12, 1990, conveying .84 acre to Herman Randolph Gray.

This conveyance is made subject to all recorded easements, conditions, restrictions and agreements as they may lawfully apply to

4

DANIEL, VAUGHAN, MEDLEY & SMITHERMAN, P.C.
LAW OFFICES
P.O. Box 720
DANVILLE, VIRGINIA 24543

the real estate hereby conveyed or any part thereof.

It is the intention of the Grantors herein to grant and convey all of their right, title and interest in and to that tract originally containing 65 acres, more or less, and conveyed to J. D. Gray, unmarried, in his deed dated March 2, 1921, recorded in the Clerk's Office in Deed Book 168, at page 2, and being the same property devised to MOZELLE GRAY HYLER by will of J. D. Gray, probated in the Clerk's Office on February 4, 1964, and recorded in Will Book 17, at page 591.

WITNESS the following signatures and seals:

_Mozelle G. Hyler_ (SEAL)
MOZELLE G. HYLER

_Hylton N. Hyler_ (SEAL)
HYLTON N. HYLER

STATE OF VIRGINIA
CITY/COUNTY OF

The foregoing instrument was acknowledged before me this 9th day of March, 1995, by MOZELLE G. HYLER and HYLTON N. HYLER.

My commission expires 6-30-98

Notary Public

5

| | |
|---|---|
| VIRGINIA: | CLERK'S OFFICE OF THE CIRCUIT COURT OF PITTSYLVANIA COUNTY |
| St. R. Tax 95.70 | The foregoing instrument with acknowledgement was admitted to |
| Co. R. Tax 31.90 | record on March 10 19 95, at 12:40 P.M. in |
| Transfer 1.00 | D.B. 1008 Page 757 |
| DANIEL VAUGHAN, & Clerk 128.00 | Teste: H.F. HAYMORE, JR., CLERK |
| La Grantor Tax 64.00 | By: Brenda S. Rowland Deputy Clerk |
| P.J VSLF 1.00 | |
| DANVILLE Total $ 206.60 | |

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Robert F. Hardy IV, Frances E. Hardy, Robert F. Hardy V, Diane R. Hardy

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Pittsylvania County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Catriona M. Coppler, U.S. Department of Justice, P.O. Box 227, Washington, DC 20044, (202) 514-5153

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Nature of suit selected: **☒ 870 Taxes (U.S. Plaintiff or Defendant)**

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. Section 7402(a) and 7403

Brief description of cause:
Suit to reduce federal tax assessments and trust fund recovery penalties to judgment and foreclose real property

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 60,493.59
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE:
DOCKET NUMBER:

DATE: 01/26/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Catriona Coppler

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE